6791AA

17

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

INNOVATION VENTURES, L.L.C.,
d/b/a Living Essentials, a Michigan
limited liability company,

        Plaintiff,

v.

CUSTOM NUTRITION LABORATORIES, L.L.C.,
a Texas limited liability company,

        Defendant.

_____/

**07 - 14829**

Civil Action No. 07-

Hon.

**JURY TRIAL DEMANDED**

**JOHN FEIKENS**

**MAGISTRATE JUDGE WHALEN**



**Howard & Howard Attorneys, P.C.**
By:   Patrick M. McCarthy (P49100)
Attorneys for Plaintiff
101 N. Main, Suite 300
Ann Arbor, MI 48104
Email: pmccarthy@howardandhoward.com

**Howard & Howard Attorneys, P.C.**
By:   Stephen P. Dunn (P68711)
Attorneys for Plaintiff
39400 Woodward Ave., Ste. 101
Bloomfield Hills, MI 48304
(248) 645-1483
Email: sdunn@howardandhoward.com

_____/

### COMPLAINT AND JURY DEMAND

Plaintiff Innovation Ventures, L.L.C., d/b/a Living Essentials, submits the following for its Complaint against Defendant Custom Nutritional Laboratories, L.L.C.:

### The Parties, Jurisdiction, and Venue

1.    Plaintiff Innovation Ventures, L.L.C., d/b/a Living Essentials ("Living Essentials"), is a limited liability company organized and existing under Michigan law with its principal place of business in the City of Novi, Michigan. The members of Living Essentials

Howard & Howard
law for business

One North Main
Suite 300
101 North Main Street
Ann Arbor, MI 48104.1475
734.222.1483
Fax 734.761.5957

The Pinehurst Office Center
Suite 101
39400 Woodward Avenue
Bloomfield Hills, MI 48304.5151
248.645.1483
Fax 248.645.1568

Comerica Building
Suite 500
151 South Rose Street
Kalamazoo, MI 49007.4716
269.382.1483
Fax 269.382.1568

One Technology Plaza
Suite 600
211 Fulton Street
Peoria, IL 61602.1350
309.672.1483
Fax 309.672.1568

#311253-v3

**loward ⊠ Howard**
law for business

One North Main
Suite 300
101 North Main Street
Ann Arbor, MI 48104.1475
734.222.1483
Fax 734.761.5957

The Pinehurst Office Center
Suite 101
39400 Woodward Avenue
Bloomfield Hills, MI 48304.5151
248.645.1483
Fax 248.645.1568

Comerica Building
Suite 800
151 South Rose Street
Kalamazoo, MI 49007.4718
269.382.1483
Fax 269.382.1568

One Technology Plaza
Suite 600
211 Fulton Street
Peoria, IL 61602.1350
309.672.1483
Fax 309.672.1568

are citizens and residents one of the following: the States of Michigan, Indiana or California, or Canada.

2. Upon information and belief, Defendant Custom Nutritional Laboratories, L.L.C. ("CNL") is a Texas limited liability company with its principal place of business located at 2055 Luna Road, Suite 100, Carrollton, Texas 75006 and a registered agent address of 5526 Stonegate Road, Dallas, Texas 75209. Upon information and belief, none of the members of CNL are citizens or residents of the States of Michigan, Indiana or California, or Canada.

3. This Court has personal jurisdiction over CNL because, upon information and belief, CNL does business within the State of Michigan, and is engaged in continuous and systematic business within the Eastern District of Michigan, including the commission of the wrongful acts alleged in this Complaint. Therefore, CNL is subject to the personal jurisdiction of this Court.

4. This Court has jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a), and supplemental and pendent jurisdiction 28 U.S.C. § 1367, as Living Essentials brings claims under and pursuant to the federal Lanham Act, 15 USC § 1051, et seq. This Court also has subject matter jurisdiction as the amount in controversy exceeds $75,000 exclusive of interest, costs, and fees and by virtue of the diversity of the parties.

5. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and 1400, because a substantial part of the events, acts and omissions giving rise to the action occurred in this district, and CNL does substantial business in this district, and is subject to personal jurisdiction in this district.

## General Allegations

6. Living Essentials develops and markets energy drinks including without limitation an energy drink bearing the trademark 5 HOUR ENERGY (hereinafter the "5-hour Energy drink").

7. Living Essentials sells its 5-hour Energy drink at a variety of drug, grocery, health and convenience stores throughout the United States and Canada. Living Essentials has federal trademark registration for its 5 HOUR ENERGY mark (Registration No. 3003077) (the "Mark").

8. Living Essentials has a substantial proprietary interest in the Mark, allocates significant resources to advertising its product associated with the Mark, and has through time and effort developed a strong public awareness and brand recognition of its Mark.

9. Living Essentials also has a substantial proprietary interest in trade secrets relating to its 5-hour Energy drink and takes appropriate and reasonable measures to guard the secrecy of its trade secrets.

10. Upon information and belief, CNL is engaged in the business of contract manufacturing and packaging products including energy drinks according to provided specifications. Pursuant to agreement CNL is a manufacturer and packager of the 5-hour Energy drink for Living Essentials.

11. Living Essentials and CNL first entered into a verbal contract in 2004, providing for CNL to manufacture and package the 5-hour Energy drink for Living Essentials. At or around that time, the parties executed a Confidentiality Agreement, a copy of which is in the possession of CNL.

12. On or around January 29, 2007, Living Essentials and CNL memorialized their relationship and entered into a Manufacturing Agreement, a copy of which is in the possession

Howard & Howard
law for business

One North Main
Suite 300
101 North Main Street
Ann Arbor, MI 48104-1475
734.222.1483
Fax 734.761.5957

The Pinehurst Office Center
Suite 101
39400 Woodward Avenue
Bloomfield Hills, MI 48304-5151
248.645.1483
Fax 248.645.1568

Comerica Building
Suite 300
151 South Rose Street
Kalamazoo, MI 49007-4718
269.382.1483
Fax 269.382.1568

One Technology Plaza
Suite 600
211 Fulton Street
Peoria, IL 61602-1350
309.672.1483
Fax 309.672.1568

Ioward & Howard
law for business

One North Main
Suite 300
101 North Main Street
Ann Arbor, MI 48104.1475
734.222.1483
Fax 734.761.5957

The Pinehurst Office Center
Suite 101
39400 Woodward Avenue
Bloomfield Hills, MI 48304.5151
248.645.1483
Fax 248.645.1568

Comerica Building
Suite 800
151 South Rose Street
Kalamazoo, MI 49007.4718
269.382.1483
Fax 269.382.1568

One Technology Plaza
Suite 600
211 Fulton Street
Peoria, IL 61602.1350
309.672.1483
Fax 309.672.1568

of CNL. At or around that same time, the parties also incorporated a "Standard Terms and Conditions of Sale" document by reference into the Manufacturing Agreement, a copy of which is in the possession of CNL.

13. Pursuant to the Manufacturing Agreement, Living Essentials engaged CNL to manufacture the 5-hour Energy drink. Living Essentials agreed to provide CNL with product formula, manufacturing procedures, and packaging materials and specifications. Packaging materials included bottles, caps, labels and the like.

14. In exchange, CNL was to manufacture energy drinks, package same according to the specifications provided, and ship the finished product back to Living Essentials, all while maintaining confidentiality and protecting Living Essentials' Mark and quality of product. Living Essentials was to purchase at least 1,500,000 two-ounce bottles of 5-hour Energy from CNL per calendar quarter at agreed-upon prices.

15. The Manufacturing Agreement also included a Non-Compete Clause that precluded CNL from manufacturing or formulating any liquid energy drink in two fluid-ounce packaging, excluding drinks from several companies specifically listed in Appendix A of the Manufacturing Agreement, or those for sale through the Network Marketing Channel, which Defendant CNL fraudulently led Living Essentials to believe were not competitive with 5-hour Energy.

16. In good faith reliance on and according both to the Confidentiality and Manufacturing Agreements, Living Essentials supplied confidential trade secret information to CNL, including but not limited to the formulae, packaging and related materials for the 5-hour Energy drink, as well as specific criteria, specifications and energy formulae and/or recipe information according to which CNL was to manufacture, prepare, assemble, and package the 5-hour Energy drink. Living Essentials carefully developed these criteria, specifications, and

Howard & Howard
law for business

One North Main
Suite 300
101 North Main Street
Ann Arbor, MI 48104.1475
734.222.1483
Fax 734.761.6957

The Pinehurst Office Center
Suite 101
39400 Woodward Avenue
Bloomfield Hills, MI 48304.5151
248.645.1483
Fax 248.645.1568

Comerica Building
Suite 800
151 South Rose Street
Kalamazoo, MI 49007.4718
269.382.1483
Fax 269.382.1568

One Technology Plaza
Suite 600
211 Fulton Street
Peoria, IL 61602.1350
309.672.1483
Fax 309.672.1568

related energy formulae and/or recipe information over time and provided them to CNL on a confidential basis for the sole and exclusive purpose of performing under the parties' Manufacturing and Confidentiality Agreements.

17. In violation of the Confidentiality and Manufacturing Agreements and applicable law, CNL misappropriated Living Essentials' trademark and trade secrets, and have without permission and in breach of contracts manufactured and packaged two fluid-ounce energy drinks that directly compete with Living Essentials' 5-hour Energy, including but not limited to On Go and/or NR-GIZE energy drinks, which are substantially similar in all material respects to Living Essentials' 5-hour Energy drink.

18. Upon information and belief, CNL converted and/or co-mingled the bottles, caps, labels and other packaging-related materials supplied by Living Essentials and used these materials to manufacture and package the product of Living Essentials' competitors without the permission of Living Essentials and without compensating Living Essentials, and in breach of the various contracts alleged in this Complaint.

19. Upon information and belief, CNL began to sell and/or distribute some of Living Essentials' product to other third-parties.

20. Upon information and belief, CNL has used, and continues to use, Living Essentials' trade secrets without express or implied consent in circumstances where, at the time of disclosure or use, CNL knew or had reason to know that its knowledge of Living Essentials' trade secrets were acquired under circumstances giving rise to a duty to maintain the secrecy of Living Essentials' trade secrets.

21. Upon information and belief, CNL has misappropriated and/or is currently misappropriating the confidential trade secret information of Living Essentials, which wrongful conduct has allowed CNL and/or others with whom CNL has business relationships to directly

Howard & Howard
law for business

One North Main
Suite 300
101 North Main Street
Ann Arbor, MI 48104.1475
734.222.1483
Fax 734.761.5957

The Pinehurst Office Center
Suite 101
39400 Woodward Avenue
Bloomfield Hills, MI 48304.5151
248.645.1483
Fax 248.645.1568

Comerica Building
Suite 800
151 South Rose Street
Kalamazoo, MI 49007.4718
269.382.1483
Fax 269.382.1568

One Technology Plaza
Suite 600
211 Fulton Street
Peoria, IL 61602.1350
309.672.1483
Fax 309.672.1568

compete with Living Essentials on an expedited basis, to operate more efficiently and profitably, and to develop a customer product base that it otherwise would not be able to develop or, at a minimum, would have taken years to develop thereby saving many thousands of dollars, time, and effort. These actions are causing monetary and irreparable damage to Living Essentials.

22. In addition, CNL admitted to Living Essentials that its agents, employees, or other representatives outright stole and pilfered large quantities of Living Essentials' product, and/or stole and pilfered its packaging for the use of illegally selling the 5-hour Energy drink that may not meet the strict and confidential quality control specifications for the drink. Thus, Living Essentials' trademarked product is and has been offered for sale on the market by unauthorized parties at prices far below that which Living Essentials has approved, causing not only monetary damage but also exposing Living Essentials to additional liability for product in the marketplace to which it has no control over the content of the product, and eroding Living Essentials' pricing structure with its other customers.

23. CNL also has failed to account to Living Essentials for a significant amount of Living Essentials' trademarked product that was in the exclusive custody and control of CNL. Upon information and belief, CNL and/or its agents or employees have wrongfully used this product for their own purposes and/or failed to maintain control over this product, resulting in damage to Living Essentials as alleged in this Complaint.

24. CNL also presently has exclusive custody and control over approximately $190,000 of Living Essentials' product and nearly $340,000 of finished products. This Living Essential product is accounted for, but CNL is holding shipment and in bad faith will not release it to Living Essentials.

Ioward■Howard
law for business

One North Main
Suite 300
101 North Main Street
Ann Arbor, MI 48104.1475
734.222.1483
Fax 734.761.5957

The Pinehurst Office Center
Suite 101
39400 Woodward Avenue
Bloomfield Hills, MI 48304.5151
248.645.1483
Fax 248.645.1568

Comerica Building
Suite 800
151 South Rose Street
Kalamazoo, MI 49007.4718
269.382.1483
Fax 269.382.1568

One Technology Plaza
Suite 600
211 Fulton Street
Peoria, IL 61602.1350
309.672.1483
Fax 309.672.1568

25. On or around October 2, 2007, Living Essentials Chief Financial Officer Matthew Dolmage visited CNL's Texas manufacturing and production facility and warehouse. Mr. Dolmage's observed serious and gross breaches of contract and other wrongdoing by CNL.

26. After observing CNL's manufacturing and production facility, Mr. Dolmage notified CNL of these breaches and wrongdoings, and also attempted to conduct his own accounting and discovered wide discrepancy between what CNL stated and the actual count of product and packaging material at the facility.

27. In addition, and incredibly, during a random inspection of product that Defendant CNL had packaged and manufactured, Living Essentials discovered gross deviations in product quality, all in contravention of the specific controls and specifications provided to CNL.

28. Living Essentials has repeatedly appealed to CNL in good faith to attempt to resolve these assorted issues short of Court involvement, without success.

## COUNT I – BREACH OF CONTRACT

29. Plaintiff Living Essentials realleges and incorporates by reference all paragraphs above, as if fully set forth herein.

30. CNL entered into contracts with Living Essentials, including but not limited to the Confidentiality and Manufacturing Agreements set forth above.

31. As set forth in more detail above, CNL materially breached the contracts, including but not limited to the obligations of confidentiality and non-competition, the warranties and provisions concerning quality control and security, and the restrictions on the use of Living Essential' Mark, products, packaging and materials.

32. As a direct and proximate result of CNL's breaches, Plaintiff Living Essentials has been damaged in an amount in excess of $75,000, exclusive of interest, costs, and fees.

7

## COUNT II – UNJUST ENRICHMENT

33. Plaintiff Living Essentials realleges and incorporates by reference all paragraphs above, as if fully set forth herein.

34. CNL has received financial benefit from its sales or acquiescence to the sales of Living Essentials' products without Plaintiff's permission. As a result, CNL has been unjustly enriched and it is only fair and equitable for this Court to require Defendant to pay Plaintiff for the benefits that Defendant received from Plaintiff without a corresponding benefit.

35. As a direct and proximate result of Defendant CNL's wrongful conduct, Plaintiff Living Essentials has been damaged in an amount in excess of $75,000, exclusive of interest, costs, and fees.

## COUNT III – TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCY

36. Plaintiff Living Essentials realleges and incorporates by reference all paragraphs above, as if fully set forth herein.

37. CNL was aware that Living Essentials had business relationships and expectancies between Plaintiff and its customers, retailers, and distributors.

38. As set forth in more detail above, CNL intentionally and improperly interfered with the business relationships and expectancies between Plaintiff and its customers, retailers, and distributors by, among other things, wrongfully making and selling competing products and by making and/or allowing unauthorized sales of Plaintiff's products.

39. Plaintiff had a reasonable likelihood of future economic benefit from its business relationships and expectancies.

40. Defendant acted intentionally so as to, and did, interfere with Plaintiff's business relationships and expectancies, causing their breach, disruption, or termination.

Howard & Howard
law for business

One North Main
Suite 300
101 North Main Street
Ann Arbor, MI 48104.1475
734.222.1483
Fax 734.761.5957

The Pinehurst Office Center
Suite 101
39400 Woodward Avenue
Bloomfield Hills, MI 48304.5151
248.645.1483
Fax 248.645.1568

Comerica Building
Suite 800
151 South Rose Street
Kalamazoo, MI 49007.4713
269.382.1483
Fax 269.382.1568

One Technology Plaza
Suite 600
211 Fulton Street
Peoria, IL 61602.1350
309.672.1483
Fax 309.672.1568

Howard & Howard
law for business

One North Main
Suite 300
101 North Main Street
Ann Arbor, MI 48104.1475
734.222.1483
Fax 734.761.5957

The Pinehurst Office Center
Suite 101
39400 Woodward Avenue
Bloomfield Hills, MI 48304.5151
248.645.1483
Fax 248.645.1568

Comerica Building
Suite 800
151 South Rose Street
Kalamazoo, MI 49007.4718
269.382.1483
Fax 269.382.1568

One Technology Plaza
Suite 600
211 Fulton Street
Peoria, IL 61602.1350
309.672.1483
Fax 309.672.1568

41. As a direct and proximate result of Defendant's tortuous interference, Plaintiff has suffered substantial economic injury, loss of profits, loss of goodwill, harm to its business reputation, loss of esteem and standing in the community, and loss of business opportunities.

### COUNT IV – BREACH OF FIDUCIARY DUTIES

42. Plaintiff Living Essentials realleges and incorporates by reference all paragraphs above, as if fully set forth herein.

43. CNL was in a position of trust and confidence with Living Essentials and therefore owed Plaintiff Living Essentials fiduciary duties.

44. CNL breached those duties as more fully discussed above.

45. As a direct and proximate result of CNL's breach, Plaintiff Living Essentials has been damaged in an amount in excess of $75,000, exclusive of interest, costs, and fees.

### COUNT V – BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

46. Plaintiff Living Essentials realleges and incorporates by reference all paragraphs above, as if fully set forth herein.

47. Michigan law imposes an implied covenant of good faith and fair dealing on the parties' contracts.

48. As set forth above, CNL breached that covenant.

49. As a direct and proximate result of Defendant's breach, Plaintiff Living Essentials has been damaged in an amount in excess of $75,000, exclusive of interest, costs, and fees.

### COUNT VI – MISAPPROPRIATION OF TRADE SECRETS

50. Plaintiff Living Essentials realleges and incorporates by reference all paragraphs above, as if fully set forth herein.

Howard & Howard
law for business

One North Main
Suite 300
101 North Main Street
Ann Arbor, MI 48104.1475
734.222.1483
Fax 734.761.5957

The Pinehurst Office Center
Suite 101
39400 Woodward Avenue
Bloomfield Hills, MI 48304.5151
248.645.1483
Fax 248.645.1568

Comerica Building
Suite 800
151 South Rose Street
Kalamazoo, MI 49007.4718
269.382.1483
Fax 269.382.1568

One Technology Plaza
Suite 600
211 Fulton Street
Peoria, IL 61602.1350
309.672.1483
Fax 309.672.1568

51. CNL owes contractual, common law, and statutory duties not to use or otherwise misappropriate the trade secrets of Living Essentials.

52. CNL violated the common law and the Michigan Uniform Trade Secrets Act, ("MUTSA") MCL § 445.1901 et seq., by misappropriating Living Essentials' trade secrets.

53. CNL's unauthorized use and/or misappropriation of Living Essentials' trade secrets and other proprietary confidential information has caused, and continues to cause, irreparable injury and damages to Living Essentials.

54. The misappropriation of Living Essentials' trade secrets by CNL was willful, malicious, and done with intent to injure Living Essentials and its business.

55. As a direct and proximate result of Defendant's misappropriation, Plaintiff Living Essentials has been damaged in an amount in excess of $75,000, exclusive of interest, costs, and fees.

## COUNT VII – TRADEMARK INFRINGEMENT

56. Plaintiff Living Essentials realleges and incorporates by reference all paragraphs above, as if fully set forth herein.

57. Living Essentials has a federal registration for the Mark 5 HOUR ENERGY (Registration No. 3003077) (the "Mark). CNL's continued and unauthorized use of the Mark constitutes use in commerce, without consent, of reproductions, copies, or colorable imitations of the Mark owned and federally registered by Living Essentials.

58. Such use has caused actual confusion and is likely to continue causing confusion or mistake, or deception of the public. CNL's conduct constitutes trademark and certification mark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

Howard & Howard
law for business

One North Main
Suite 300
101 North Main Street
Ann Arbor, MI 48104.1475
734.222.1483
Fax 734.761.5057

The Pinehurst Office Center
Suite 101
39400 Woodward Avenue
Bloomfield Hills, MI 48304.5151
248.645.1483
Fax 248.645.1568

Comerica Building
Suite 600
151 South Rose Street
Kalamazoo, MI 49007.4713
269.382.1483
Fax 269.382.1568

One Technology Plaza
Suite 600
211 Fulton Street
Peoria, IL 61602.1350
309.672.1483
Fax 309.672.1568

59. CNL's conduct, having been undertaken maliciously, fraudulently, deliberately, and willfully, and with knowledge of Living Essential's Mark, makes this an "exceptional" case within the meaning of Section 35 of the Lanham Act, 15 U.S.C. § 1117.

## COUNT VIII – UNFAIR COMPETITION
## IN VIOLATION OF SECTION 43(a) OF THE LANHAM ACT

60. Plaintiff Living Essentials realleges and incorporates by reference all paragraphs above, as if fully set forth herein.

61. Living Essentials has a federal registration for the Mark.

62. Living Essential has developed valuable goodwill associated with this Mark.

63. CNL has improperly used Living Essentials' Mark without the express permission of Living Essentials, thus causing confusion, mistake or deception regarding the source or origin of goods or services sold by Living Essentials.

64. Therefore, CNL's conduct violates Section 43(a)(1) and 43(a)(2) of the Lanham Act, 15 U.S.C. §§ 1125(a)(1) and 1125(a)(2).

## COUNT IX – REQUEST FOR ACCOUNTING

65. Plaintiff Living Essentials realleges and incorporates by reference all paragraphs above, as if fully set forth herein.

66. CNL has exclusive custody and control over thousands of dollars of Living Essentials' trademarked product and related raw and hard materials.

67. CNL stores Living Essentials trademarked product and related materials inappropriately proximately near to other companies' products. Living Essentials' trademarked product was mixed in with and/or used in production of, other companies' products, which are direct competitors of Living Essentials.

68. Living Essentials Chief Financial Officer Matthew Dolmage, after observing alarming problems with Defendant CNL's manufacturing and production facility, attempted to

conduct his own accounting and discovered wide discrepancy between what CNL stated and the actual count. The actual count was much less than what CNL reported.

69. Given all of the above, including without limitation Defendant CNL's violation of the Agreement's Non-Compete Clause, Living Essentials is justifiably concerned that it cannot, even with liberal discovery, reasonably be expected to ascertain and distinguish its raw and hard materials from those Defendant CNL has intermingled with those of Living Essentials' competitors for whom Defendant CNL also does business.

70. Living Essentials respectfully requests that this Court compel Defendant CNL to prepare, at its sole expense, a true and accurate audited accounting of all of the activities and assets of Defendant CNL.

## COUNT X – DECLARATORY JUDGMENT

71. Plaintiff Living Essentials realleges and incorporates by reference all paragraphs above, as if fully set forth herein.

72. CNL has alleged that there are monies owing to CNL which it is claimed Living Essentials owes under the Manufacturing Agreement. Based on these allegations, and because of the disputes set forth in this Complaint, an actual case and controversy exists between the parties concerning performance and/or breaches of the contracts as issue in this Complaint.

73. Living Essentials should not be required to pay CNL such monies due to CNL's multiple material breaches, misappropriations, infringements, and fraudulent activities, all of which have substantially harmed and damaged Living Essentials in an amount far in excess of whatever monies it is claimed Living Essentials owes Defendant under the Manufacturing Agreement.

74. Therefore, there is a case of actual controversy between the parties pursuant to 28 U.S.C. § 2201.

## REQUEST FOR RELIEF

WHEREFORE, Living Essentials respectfully requests that this Court enter one or more orders and judgments granting the following relief:

A. Temporarily and then permanently enjoin Defendant from manufacturing, marketing or selling products or offering services based on or derived from Living Essentials' trade secrets and proprietary confidential information;

B. Temporarily and then permanently enjoin Defendant from manufacturing, marketing or selling products or offering services based on or derived from Living Essentials' registered trademarks;

C. Temporarily and then permanently enjoin Defendant from disclosing, communicating, using or otherwise misappropriating Living Essentials' confidential, proprietary business information and trade secrets;

D. Ordering Defendant to forthwith deliver to Living Essentials all materials in Defendant's possession, custody or control, the possession and/or use of which would violate Living Essentials' proprietary rights and/or the Confidentiality Agreement;

E. Ordering Defendant to prepare, at its sole expense, a true and accurate audited accounting of all of the activities and assets of Defendant CNL.

F. An award of compensatory damages, including income and profits, that Living Essentials has lost, and may lose in the future, as a result of Defendant's unlawful activities, including misappropriation of trade secrets and breach of contract, exclusive of interest and costs, as to be determined at trial in an amount in excess of $75,000, exclusive of interest, costs, and fees;

G. An award of special damages and attorney's fees permitted by the Michigan Uniform Trade Secret Act, MCL § 446.1905;

H. An award of punitive damages against Defendant for the malicious misappropriation of Living Essentials' trade secrets;

I. An award of money damages against Defendant for unjust enrichment as a result of Defendant's misappropriation of Living Essentials' trade secrets and trademark;

J. An award of money damages against Defendant for breach of contract as a result of Defendant's breach of the parties' contracts;

K. An award of money damages against Defendant for breach of fiduciary duties for Defendant's breach of same;

Howard & Howard
law for business

One North Main
Suite 300
101 North Main Street
Ann Arbor, MI 48104.1475
734.222.1483
Fax 734.761.5957

The Pinehurst Office Center
Suite 101
39400 Woodward Avenue
Bloomfield Hills, MI 48304.5151
248.645.1483
Fax 248.645.1568

Comerica Building
Suite 800
151 South Rose Street
Kalamazoo, MI 49007.4713
269.382.1483
Fax 269.382.1568

One Technology Plaza
Suite 600
211 Fulton Street
Peoria, IL 61602.1350
309.672.1483
Fax 309.672.1568

L.   An award of money damages against Defendant for breach of Plaintiff's business expectancy;

M.   An award of money damages against Defendant for breach of the implied covenant of good faith and fair dealing;

N.   An award of costs, interest, and attorney's fees in an amount to be determined by the Court;

O.   An award of compensatory damages arising out of Defendant's infringement and unfair competition, and that the award of compensatory damages be trebled pursuant to 15 U.S.C. §1117(a);

P.   A declaratory judgment that Living Essentials does not owe CNL any monies under the Manufacturing Agreement because CNL has substantially harmed and damaged Living Essentials in an amount far in excess of whatever monies it is claimed Living Essentials owes Defendant under the Manufacturing Agreement.

Q.   Any other relief the Court deems just and proper.

Respectfully submitted,

Howard & Howard Attorneys, P.C.

Dated: November 9, 2007

By: Patrick M. McCarthy (P49100)
Attorneys for Plaintiff
101 N. Main, Suite 300
Ann Arbor, MI 48104
Email: pmccarthy@howardandhoward.com

**Howard & Howard Attorneys, P.C.**
By:   Stephen P. Dunn (P68711)
Attorneys for Plaintiff
39400 Woodward Ave., Ste. 101
Bloomfield Hills, MI   48304
(248) 645-1483
Email: sdunn@howardandhoward.com

## DEMAND FOR TRIAL BY JURY

Plaintiff Living Essentials demands trial by jury in this action.

Howard & Howard
law for business

One North Main
Suite 300
101 North Main Street
Ann Arbor, MI 48104.1475
734.222.1483
Fax 734.761.3957

The Pinehurst Office Center
Suite 101
39400 Woodward Avenue
Bloomfield Hills, MI 48304.5151
248.645.1483
Fax 248.645.1568

Comerica Building
Suite 800
151 South Rose Street
Kalamazoo, MI 49007.4716
269.382.1483
Fax 269.382.1568

One Technology Plaza
Suite 600
211 Fulton Street
Peoria, IL 61602.1350
309.672.1483
Fax 309.672.1568

Dated: November 9, 2007

Respectfully submitted,

**Howard & Howard Attorneys, P.C.**

By:    Patrick M. McCarthy (P49100)
Attorneys for Plaintiff
101 N. Main, Suite 300
Ann Arbor, MI 48104
Email: pmccarthy@howardandhoward.com

**Howard & Howard Attorneys, P.C.**
By:    Stephen P. Dunn (P68711)
Attorneys for Plaintiff
39400 Woodward Ave., Ste. 101
Bloomfield Hills, MI  48304
(248) 645-1483
Email: sdunn@howardandhoward.com

# CIVIL COVER SHEET
(Rev. 11/04)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
INNOVATION VENTURES, L.L.C., d/b/a Living Essentials, a Michigan limited liability company

07-14829

### DEFENDANTS
CUSTOM NUTRITION LABORATORIES, L.L.C., a Texas limited liability company

JOHN FEIKENS

(b) County of Residence of First Listed Plaintiff: **Oakland County**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Carrolton, Texas**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

MAGISTRATE JUDGE WHALEN

(c) Attorney's (Firm Name, Address, and Telephone Number)
Howard & Howard Attorneys, P.C., Patrick M. McCarthy, 101 N. Main Street, Suite 300, Ann Arbor, MI 48104 - 734-222-1097

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Select One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Select One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☑ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Select One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 650 Airline Regs. | ■ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | SOCIAL SECURITY | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | LABOR | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Select One Box Only)
- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. §§ 1114(1) and 1125(a)(1) & (2)

Brief description of cause:
Trademark Infringement and Breach of Contract

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: November 9, 2007
SIGNATURE OF ATTORNEY OF RECORD: [signature]

FOR OFFICE USE ONLY

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed? ☐ Yes ☑ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.) ☐ Yes ☑ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

Notes :